GEORGE E. GEIER, PROSECUTOR, v. STATE OF NEW JERSEY ET AL., DEFENDANTS.

Submitted October 13, 1933—Decided February 1, 1934.

Before Justices CASE, BODINE and DONGES.

For the prosecutor, *James F. Murray.*

For the defendants, *James A. Hamill* and *Charles A. Rooney.*

PER CURIAM.

Prosecutor was convicted by the First Criminal Court of Jersey City of being a disorderly person within the intent and meaning of chapter 280 of the laws of 1933, a supplement to the act concerning disorderly persons, which conviction was affirmed by the Hudson County Court of Common Pleas, on prosecutor's appeal thereto. This writ was allowed to review said judgment.

The complaint alleged that "George Geier, of 299 Grove street, Jersey City, New Jersey, was apprehended at Morgan

and Henderson street, a public thoroughfare in Jersey City, a municipality of this state, who did have no legitimate business in said municipality, who did not give a good account of his presence therein and who did consort with one Charles Cuton and one Peter Keegan known criminals contrary to and in violation of the provisions of chapter 280, laws of 1933."

The act provides in part:

"1. Any person who shall be apprehended in any municipality of this state or on any public thoroughfare, or in any automobile, vehicle or public conveyance, or in any public place, and shall have no legitimate business in said municipality of this state, and/or who cannot give a good account of his presence in said municipality of this state, and/or who shall be proven to the satisfaction of the magistrate before whom such person shall be brought, by the testimony of two competent witnesses, to have consorted with known thieves, burglars, pickpockets, swindlers, confidence men or other classes of criminals, * * * shall be deemed and adjudged a disorderly person."

A number of reasons for reversal are written down, among them that it was error to find the prosecutor guilty as charged. We deem it necessary to consider only this point, and do not deal with the reasons challenging the sufficiency of the form of conviction and the constitutionality of the statute.

The act provides as a requisite to guilt that the person apprehended "shall have no legitimate business in said municipality of this state." If this fact be established and concurs with one or more of the conditions mentioned in the act, then, under the terms of the act, such person may be deemed a disorderly person. In the instant case, it was alleged in the complaint and testified to by the prosecutor without contradiction that he was born in Jersey City and had resided therein since his birth; that he was a constable of the municipality at the time of his arrest. In this situation it can hardly be successfully asserted that he had no legitimate business to be within the confines of the city, or that he did not give a good account of himself, within the meaning of the act, when he was apprehended within a few blocks of his

place of residence. His explanation of his presence on the street was that he was endeavoring to have a petition signed by some of his fellow workers. He asserted that he had met the persons alleged to have been known criminals on only one occasion and that he did not intend to meet them again.

In the situation presented, we conclude that the proofs utterly failed to establish that the prosecutor had no legitimate business in the municipality and that he failed to give a good account of himself, within the intent and meaning of the statute.

For this reason the judgment of the Hudson County Court of Common Pleas is reversed and the conviction is set aside, without costs.